United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JUAN CARLOS MACARIO GONZALEZ, §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>GRANT DICKEY, *et al.*, §<br>§<br>Respondents. §<br>§ | CIVIL ACTION NO. 4:26-CV-00814 |

## ORDER

Before the Court is Petitioner Juan Carlos Macario Gonzalez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.    BACKGROUND

The parties do not dispute the following facts. Petitioner Juan Carlos Macario Gonzalez is a citizen of Guatemala who entered the United States without inspection in September of 2006, over nineteen years ago. ECF No. 1 at 2. He is the father to three United States citizen children. *Id.* at 3. He has no criminal record. *Id.*

In November, Petitioner was taken into immigration custody during an interior enforcement operation. *Id.* at 2. After his arrest, ICE issued a Notice to Appear (NTA) charging the Petitioner with removability pursuant to Immigration and Nationality Act ("INA") section

1 / 3

212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Petitioner is currently detained at the Joe Corley Processing Center in Conroe, Texas. His removal proceedings are ongoing, and he has indicated that he intends to pursue cancellation of removal based on his continued residence in the United States for over ten years, his lack of criminal history and good character, and his children's status as United States citizens. ECF No. 1 at 3; ECF No. 7 at 6.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a highly similar set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

## III.    CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing

2 / 3

at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **<u>Respondents must provide this hearing within five (5) days, or else release Petitioner.</u>**

2. Respondents must file an advisory with the Court **<u>on or before March 26, 2026</u>**, informing the Court of the result of the hearing and Petitioner's custody status.

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 19, 2026.

_____
Keith P. Ellison
United States District Judge